UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED PROCTOR, #178602

    Plaintiff,

v.

M. FOUNTAIN, ET AL.,

    Defendants.

_____/

Case No. 1:23-cv-38

Hon. Robert J. Jonker

**<u>ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION</u>**

The Court has reviewed Magistrate Judge Kent's Report and Recommendation recommending that the Court grant in part and deny in part Defendants' partial Motion for Summary Judgment. (ECF No. 25). Defendants moved for summary judgment on all claims except Plaintiff Proctor's First Amendment claim (Count 1) against Defendants Fountain and Schafer and his Fourteenth Amendment Procedural Due Process claim (Count 2) against Defendants Schafer and Kavanaugh. (*Id.*). The Court has also reviewed Proctor's Objections to the Report and Recommendation. (ECF No. 28).

Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge. After its review, the Court finds that Judge Kent's Report and Recommendation is factually sound and legally supported.

Proctor brings three claims against Defendants under 42 U.S.C. § 1983 related to the rejection of a piece of mail at the Michigan Department of Corrections' ("MDOC") Carson City Correctional Facility ("DRF") in March 2022. (ECF No. 10). The Magistrate Judge carefully and thoroughly considered the record and the governing law, and after conducting the requisite review under 42 U.S.C. § 1997e(c), Judge Kent recommends that the Court dismiss Proctor's claims against Defendants Ward, Bowne, Rewerts, and Russell for failure to state a claim. (ECF No. 25 at PageID.364). Judge Kent also recommends that the Court grant summary judgment to all remaining Defendants on Count 3 (Fourteenth Amendment void for vagueness), (*id.* at PageID.368–69), and to Defendant Bush on all counts, (*id.* at PageID.369–70), for failure to exhaust. In addition, Judge Kent recommends that the Court deny summary judgment to Defendant Kavanaugh on Counts 1 and 2. (*Id.* at PageID.368).

### A.  Defendants Ward, Bowne, Rewerts, and Russell.

The Court is required to dismiss any prisoner action brought under § 1983 or any other federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c). As the Magistrate Judge pointed out, Proctor's claims against Defendants Ward, Bowne, Rewerts, and Russell do not deal directly with the rejection of the mailed law review article, the core focus of this dispute. Proctor's claims against these Defendants are one step removed—he argues only that these Defendants improperly denied the grievance he filed about the mail rejection. (ECF No. 15 at PageID.266–71). But denying a grievance about the rejection of mail is not the same as rejecting the mail itself, and it is well settled that prison officials cannot be held liable under § 1983 when their only alleged role is

the denial of administrative grievances. *See, e.g.*, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Proctor has therefore failed to "plead[] factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged"—here, the rejection of the mailed law review article—so dismissal is warranted under § 1997e(c). *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. Defendant Bush.

The Magistrate Judge also recommends dismissing Proctor's claims against Defendant Bush. As Judge Kent noted, even though Proctor names Bush in his Amended Complaint, he did not name or otherwise attempt to reference or identify Bush in the grievance process, as required by MDOC policy. *See* Policy Directive No. 03.02.130 ¶ S ("Dates, times, places, and names of all those involved in the issue being grieved are to be included."). The Court thus dismisses Proctor's claims against Defendant Bush for failure to exhaust. *See, e.g.*, *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009). Moreover, because Proctor did not name or identify Defendants Ward, Bowne, Rewerts, and Russell in the grievance process, the Court concludes that—in addition to failing to state a claim against these Defendants—Proctor failed to exhaust his claims against Ward, Bowne, Rewerts, and Russell.

### C. Defendant Kavanaugh.

The Court agrees with the Magistrate Judge that there is a genuine issue of material fact regarding whether Proctor identified Defendant Kavanaugh as a party being grieved. While Proctor did not specifically mention Kavanaugh in the section of the grievance form asking him to describe the problem, he unquestionably referenced her in the part of the form asking him to explain his pre-grievance attempts to resolve the mail rejection issue with the involved staff members. Proctor wrote that he "[s]poke directly to PC Schafer and also sent a kite to DRF Mail Room supervisor Kavanagh [sic]." (ECF No. 15-3 at PageID.270). On this record, Proctor's identification of Kavanaugh as an involved staff member creates a triable issue on whether she was a subject of Proctor's grievance about the mail rejection.

**D**     **Void for Vagueness Claim (Count 3).**

Finally, the Court agrees with the Magistrate Judge's recommendation to grant summary judgment to all Defendants on Proctor's Fourteenth Amendment "void for vagueness" claim (Count 3), but for slightly different reasons than those proposed by Judge Kent.  Even though Proctor's Amended Complaint uses the phrase "void for vagueness," the substance of his claim is that ¶¶ NN and OO of MDOC's Prisoner Mail Policy are unconstitutional "*[a]s applied in this case . . .* [because they] permit[] arbitrary and discriminatory rejections of mail." (ECF No. 10 at PageID.193 (emphasis added)).  These allegations are more consistent with an as-applied First Amendment challenge to the relevant portions of the Prisoner Mail Policy than a traditional Fourteenth Amendment void-for-vagueness claim.  *See, e.g.*, *Turner v. Safley*, 482 U.S. 78, 89–90 (1987); *Figel v. Overton*, 121 F. App'x 642, 646 (6th Cir. 2005).  This is reinforced by Proctor's reliance on *Burns v. Brewer*—a First Amendment *Turner* factors case—for his argument in his grievance form that prison officials "arbitrar[ily]" rejected the mailed law review article.  *See* No. 2:18-cv-10937, 2019 WL 4316090, at *6–8 (E.D. Mich. Aug. 15, 2019), *report and recommendation adopted,* No. 2:18-cv-10937, 2019 WL 4302280 (E.D. Mich. Sept. 11, 2019).  (ECF No. 15-3 at PageID.272).  The problem is that Proctor already made an as-applied First Amendment challenge to ¶¶ NN and OO in Count 1.  Accordingly, the Court dismisses Count 3 as duplicative of Count 1.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 25), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendants' Motion for Summary Judgment, (ECF No. 14), is **GRANTED IN PART** and **DENIED IN PART.**

3. Defendants Rewerts, Wards, Bowne, Russell, and Bush are **DISMISSED** as party Defendants from this case.

4. This case shall move forward only on Plaintiff's First Amendment claim (Count 1) against Defendants Fountain, Schafer, and Kavanaugh; and on Plaintiff's Fourteenth Amendment Procedural Due Process claim (Count 2) against Defendants Schafer and Kavanaugh.

**IT IS SO ORDERED.**

Dated: February 21, 2024

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE